UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHERROCK BROTHERS, INC., <br><br> Petitioner, <br><br> v. <br><br> DAIMLERCHRYSLER MOTORS COMPANY LLC, <br><br> Respondent. | CIVIL ACTION NO. 06-CV-351 <br> (A. Richard Caputo) |

## [PROPOSED] ORDER

Upon consideration of Respondent DaimlerChrysler's Motion for Permission to Exceed Length Requirements of Local Rule 7.8(b), the Court hereby ORDERS THAT:

1. Respondent DaimlerChrysler's Motion for Permission to Exceed Length Requirements of Local Rule 7.8(b) is GRANTED; and

2. Respondent may file an Opposition to the Petition to Vacate Arbitration Award and Remand to Arbitration that is no more than 40 pages.

HONORABLE A. RICHARD CAPUTO
United States District Court Judge

DATED: _____

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHERROCK BROTHERS, INC., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DAIMLERCHRYSLER MOTORS )<br>COMPANY LLC, )<br>)<br>Respondent. )<br>) | CIVIL ACTION NO. 06-CV-351<br><br>(A. Richard Caputo) |

**RESPONDENT DAIMLERCHRYSLER'S MOTION FOR PERMISSION**
**TO EXCEED LENGTH REQUIREMENTS OF LOCAL RULE 7.8(B)**

Pursuant to Local Rule 7.8(b)(3), Respondent DaimlerChrysler Motors Company LLC requests permission to exceed the length of briefs limitation set forth in Local Rule 7.8(b) in its Opposition to the Petition to Vacate Arbitration Award and Remand to Arbitration, due on Wednesday, March 29, 2006.

This case has an extensive history, including proceedings before a state

- 2 -

agency, state trial courts, state appellate court, and the arbitral Panel.  Because the Panel based its decision on the doctrines of waiver, res judicata, and collateral estoppel, this extensive case history is both relevant and critical.  Moreover, although in large part immaterial to the issues before the Court, as required by Local Rule 7.8(a), Respondent must also respond to the factual mischaracterizations in the Petition to Vacate.  Finally, in order to oppose fully and fairly the Petition to Vacate's numerous alleged grounds for vacatur, Respondent requires additional pages to respond adequately and independently to each ground.

For these reasons, Respondent seeks permission for its Opposition to the Petition to Vacate Arbitration Award and Remand to Arbitration to be no more than 40 pages.

Respectfully submitted,

Katie L. Miscioscia /s/
_____
KLETT ROONEY LIEBER &
   SCHORLING
Gerald E. Burns, Esq. (PA 59466)
Suzanne M. Sweeney, Esq. (PA 90292)
Katie L. Miscioscia, Esq. (PA 91351)
Two Logan Square, 12th Floor
Philadelphia, PA  19103-2756
(215) 567-7500 (t)
(215) 567-2737 (f)

and

- 3 -

        Robert D. Cultice (MA 108200)
        Robert.Cultice@wilmerhale.com
        WILMER CUTLER PICKERING
           HALE AND DORR LLP
        60 State Street
        Boston, MA 02109
        (617) 526-6000 (t)
        (617) 526-5000(f)

        Rebecca J.K. Gelfond (DC 481410)
        Rebecca.Gelfond@wilmerhale.com
        WILMER CUTLER PICKERING
           HALE AND DORR LLP
        2445 M Street, NW
        Washington, DC 20037
        202-663-6000 (t)
        202-663-6363 (f)

        *Attorneys for Respondent*
        *DaimlerChrysler Motors Company LLC*

DATE:  March 27, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2006 a true and correct copy of Respondent DaimlerChrysler's Motion for Permission to Exceed Length Requirements of Local Rule 7.8(b) was served via first class mail and electronic mail upon the following:

Kevin C. Quinn
Wright & Reihner
148 Adams Avenue
Scranton, PA 18503
kcquinn@wrightreihner.com

*/s/ Suzanne M. Sweeney*
Suzanne M. Sweeney